UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STX PAN OCEAN SHIPPING CO. LTD.,

                      Petitioner,

      -against-

PROGRESS BULK CARRIERS LTD. a/k/a
PROGRESS BULK CARRIERS INC.,

                      Respondent.
------------------------------------------------------------X

12 CV 5388

12 Civ. _____ (  )

ECF Case

**VERIFIED PETITION TO
RECOGNIZE, CONFIRM
AND ENFORCE FOREIGN
ARBITRAL AWARD**

Petitioner, STX Pan Ocean Shipping Co. Ltd. ("STX"), by its undersigned attorneys, Clyde & Co US LLP, complaining of the respondent Progress Bulk Carriers Ltd., a/k/a Progress Bulk Carriers Inc. ("PBC"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves a claim for breach of a maritime contract for the charter of a vessel.

2. This Court also has subject matter jurisdiction over this matter pursuant to 9 U.S.C. § 203 because it is an action or proceeding under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.* ("the New York Convention").

3. Venue is proper in this district pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391 in that the respondent is subject to the Court's personal jurisdiction with respect to this action.

## THE PARTIES

4.     At all material times, petitioner STX was and now is a corporation duly organized and existing under and by virtue of the laws of South Korea, with an office and place of business at 100-803, STX Nasman Tower, 631 Namdaemunno 5-ga, Jung-gu, Seoul, South Korea.

5.     At all material times, STX was a time charterer of the M/V KITI (the "Vessel") among various ports of the word in the ocean carriage of goods by water for hire.

6.     At all material times, respondent PBC was and now is a foreign business entity duly organized and existing under the laws of the Bahamas with a registered office address at Montague Sterling Centre, East Bay Street, Nassau, Bahamas.

7.     At all material times, PBC owned and/or operated the Vessel and was an ocean carrier engaged in providing for the international transportation of goods by sea.

8.     Upon information and belief, at all material times, PBC maintained an office for the transaction of business at 25 Main Street, Hastings-on-Hudson, New York.

9.     Upon information and belief, at all material times, PBC had an agent for service of process, American Corporate Technical Services, Inc., at 25 Main Street, Hastings-on-Hudson, New York.

10.    Upon information and belief, at all material times, PBC had a general managing agent, Med Brokerage & Management Corp., with offices at 29 Continental Place, Glen Cove, New York 11542 and 29 Broadway, Suite 1506, New York, New York 10006.

11.    At all material times, PBC was, is, and/or will be doing business in this District and within the jurisdiction of this Honorable Court.

## FIRST CAUSE OF ACTION: RECOGNITION, CONFIRMATION AND ENFORCEMENT OF A FOREIGN ARBITRATION AWARD

12. Petitioner repeats and realleges each and every allegation contained in paragraphs 1-11 herein with the same force and effect as if set forth at length.

13. By a fixture recapitulation dated November 15, 2004 ("Fixture Recap"), PBC, as owner, time chartered the Vessel to STX under terms and conditions more fully set forth in the Fixture Recap. (A true and accurate certified copy of the Fixture Recap is annexed as Ex. A to the attached Declaration of Bethan Bradley).

14. Pursuant to paragraph 20 of the Fixture Recap, the Fixture Recap incorporated the terms of a charter party dated July 11, 2003, between PBC and the head owners of the Vessel, Kiti Maritime Co. Ltd. (collectively with the Fixture Recap, the "Charter"). (A true and accurate certified copy of the charter party dated July 11, 2003, is annexed as Ex. B to the attached Declaration of Bethan Bradley).

15. Clauses 17 and 48 of the Charter provide that any disputes between the parties are subject to London arbitration. Clause 48 provides that the Charter is governed by English Law.

16. The Charter is a maritime contract, commercial in nature, in that it governs the rights and obligations of the parties with respect to the charter of the Vessel for the ocean carriage of cargo.

17. During and following the performance of the Charter, disputes arose between STX and PBC, and STX claimed losses arising from: (1) PBC's misrepresentation and breach of the Charter; and (2) the resulting loss of profits and the opportunity to obtain alternative employment for the Vessel.

18. Pursuant to clause 48 of the Charter, STX appointed Colin Peerless as its

arbitrator, and PBC appointed Charles Measter as its arbitrator. The two appointed arbitrators selected Edward Mocatta as the third and final arbitrator.

19.  Following the appointment of arbitrators, STX and PBC submitted their respective claims submissions and responses to the arbitration tribunal.

20.  On September 19, 2011, the arbitration tribunal issued an award in favor of STX (the "Award"). (A true and accurate certified copy of the Award is annexed as Ex. C to the attached Declaration of Bethan Bradley).

21.  The Award was issued against "Progress Bulk Carriers Ltd. of Nassau, Bahamas" and "Progress Bulk Carriers Inc. Charterers of the City [sic] of Bahamas."

22.  The Award requires PBC to pay STX $293,540.21, together with interest thereon at the rate of 5% per annum compounded on a three monthly basis and pro rata from December 1, 2008, until the date of payment.

23.  On June 14, 2012, the arbitration tribunal released its Award as to Costs ("Costs Award") in favor of STX. In the Costs Award, a majority of the tribunal held that STX was entitled to recover from PBC:

> a.  Costs assessed on the standard basis from the commencement of the arbitration reference on December 6, 2004 until October 5, 2010 which, as of this date, total £33,249.50, exclusive of interest;
>
> b.  Costs assessed on the indemnity basis from October 6, 2010 to the date of the Award on September 19, 2011 which, as of this date, total £35,270.00, exclusive of interest;
>
> c.  Interest at a rate of 5% compounded at three monthly rests on the above cost amounts from the dates of payment until reimbursement

4

        by PBC;

    d.    Costs assessed on the standard basis for the costs in making its application for the Costs Award which, as of this date, total £2,696.40 exclusive of interest;

    e.    Fees STX paid to take up the Award, which were £32,990.00 together with interest at a rate of 5% compounded at three monthly rests from the date this amount was paid until reimbursement by PBC;

    f.    Fees STX paid for the Costs Award, which were £7,510.00 and $3,000.00, together with interest at a rate of 5% compounded at three monthly rests from the date this amount was paid until reimbursement by PBC.

The arbitration tribunal noted that the Costs Award is final as to the matters determined by it, but reserved its power to determine a detailed assessment of the costs incurred by STX, if the parties fail to agree. STX reserves its right to amend its petition when a detailed assessment of its costs is completed. (A true and accurate certified copy of the Costs Award is annexed as Ex. D to the attached Declaration of Bethan Bradley).

    24.    PBC pursued an unsuccessful appeal of the Award in the High Court of Justice of the United Kingdom, which awarded costs to STX in an order dated March 15, 2012. As of this date, these costs total £9,888.50.

    25.    The total sums due and owing to petitioner STX as of July 12, 2012, are costs of £121,604.40 (which amount equals the sum of US $187,745.03 at the exchange rate of 1:1.5439 as of July 12, 2012) and US $3,000.00, for total costs of US $190,745.03, as well as the base Award of US $293,540.21, for a total sum of US $484,285.24, plus interest and costs.

26. PBC has failed to pay STX the amount due under the Award and the Costs Award, or any part thereof, although payment thereof has been duly demanded.

27. Pursuant to English law, the Award and Costs Award are binding on the parties.

28. Both England and the United States are signatories to the New York Convention, which provides that a court sitting in any signatory nation shall recognize and enforce a foreign arbitral award where (a) certified copies of both the agreement to arbitrate and the arbitral award are submitted to the court, (b) the application is timely filed, and (c) none of the enumerated defenses to recognition and enforcement are present. 9 U.S.C. § 207; New York Convention, arts. II-V and list of party States, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, reprinted following 9 U.S.C.A. § 201 (West 1999).

29. Certified copies of the Fixture Recap and June 11, 2003 charter party which form the Charter and contain the parties' agreement to arbitrate are annexed to the attached Declaration of Bethan Bradley as Ex. A and Ex. B.

30. A certified copy of the Award is annexed to the attached Declaration of Bethan Bradley as Ex. C.

31. A certified copy of the Costs Award is annexed to the attached Declaration of Bethan Bradley as Ex. D.

32. This petition is timely under 9 U.S.C. § 207 because it was filed within three years from the date of the Award.

33. None of the enumerated defenses to recognition and enforcement listed in Article V of the New York Convention applies.

34. Pursuant to the New York Convention, STX respectfully requests that the

Court recognize, confirm and enforce the valid Award and Costs Award against PBC and issue a Judgment against it for the full amount of the Award and Costs Award, plus interest and costs, as set forth in paragraphs 22 through 25 herein.

**WHEREFORE,** petitioner prays that this Honorable Court:

a. Issue process in due form of law against the respondent, citing it to appear and answer under oath all and singular the matters alleged in this petition;

b. Recognize, confirm and convert the Award and Costs Award to a Judgment of this Court; to be entered in favor of petitioner and against respondent, for costs in the amount of £121,604.40 (which amount equals the sum of US $187,745.03 at the exchange rate of 1:1.5439 as of July 12, 2012) and US $3,000.00, for total costs of US $190,745.03, as well as the base Award of US $293,540.21, for a total sum of US $484,285.24, plus interest and costs;

c. Issue an Order directing respondent to pay petitioner sufficient funds to satisfy the Award and Costs Award in all respects for costs in the amount of £121,604.40 (which amount equals the sum of US $187,745.03 at the exchange rate of 1:1.5439 as of July 12, 2012) and US $3,000.00, for total costs of US $190,745.03, as well as the base Award of US $293,540.21, for a total sum of US $484,285.24, plus interest and costs;

d. Retain jurisdiction over this matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment and/or any further judgments that may be issued;

e.  Grant petitioner its costs and disbursements, including reasonable attorneys' fees, in pursuing the Judgment and enforcement of the Award and Costs Award; and

f.  Grant petitioner such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       July 12, 2012

>                    CLYDE & CO US LLP
>                    Attorneys for Petitioner
>                    STX Pan Ocean Shipping Co. Ltd.
>
>                    By: _____
>                        John R. Keough, III
>                        George G. Cornell
>                        The Chrysler Building
>                        405 Lexington Avenue, 16th Floor
>                        New York, New York 10174
>                        Tel: (212) 710-3900
>                        Fax: (212) 710-3950
>                        john.keough@clydeco.us

## VERIFICATION

State of New York   )
                    : 
County of New York )

     JOHN R. KEOUGH, III, being duly sworn, deposes and says:

1. That I am a member of the bar of this Court and am a partner of the firm of Clyde & Co US LLP, attorneys for the petitioner herein.

2. That I have read the foregoing Verified Petition and know the contents thereof, and that the same are true to the best of my knowledge, except those matters alleged upon information and belief, and as to those I believe them to be true.

3. That the source of my information and the grounds for my belief as to all matters are documents in the possession of my firm and information provided by the petitioner by way of written communications with its representatives.

4. That I am authorized to make this verification on behalf of the petitioner.

5. That the reason this verification is made by me and not by the petitioner is that the petitioner is an alien corporation, with no officers or directors presently within this District.

_____
JOHN R. KEOUGH, III

Sworn to before me this
12th day of July, 2012

_____
NOTARY PUBLIC

CASEY BURLAGE
Notary Public, State of New York
No. 02BU6217606
Qualified in New York County
Commission Expires February 8, 2014

9